IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                ORDER

                Plaintiff,

                                        13-cv-699-bbc

       v.

$15,830.00 U.S. CURRENCY,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is an action *in rem* brought by the United States under 21 U.S.C. § 881(a)(6) for the forfeiture of money furnished or intended to be furnished in exchange for a controlled substance. At issue is $15,830.00 in United States currency seized by the sheriff's department from claimant Gary Elmer on or about May 14, 2013, in Columbia County, Wisconsin. The government contends that the money is subject to forfeiture because it was intended to be used for the purchase of controlled substances or because it represents proceeds traceable to such a purchase. Elmer denies the contention, arguing that the seizure was carried out unlawfully and denying that the money seized was intended to be used for the purchase of marijuana.

The case is before the court on two motions: a motion to dismiss filed by claimant Elmer and a motion by the government to strike Elmer's claim and answer and to grant default judgment to its favor. The motion to dismiss will be denied. Although Elmer has

submitted a number of arguments, he has not shown that the government's complaint is legally inadequate to state a claim of forfeiture under § 881(a)(6), which is the standard he must meet to prevail on a motion to dismiss.  The government's motion will also be denied at this time.  Although the government makes a good claim for relief based on Elmer's past failures to respond to the government's discovery requests, I will give him one last chance to do so.  If he does not file a good faith response to those requests by March 11, 2015, judgment will be entered for the government.

BACKGROUND

The government filed its Verified Complaint of Forfeiture on October 7, 2013, dkt. #1, together with a declaration by Michael K. Haverly, Jr., a detective sergeant with the Columbia County (Wisconsin) sheriff's office.  Haverly swore that he was part of an investigation into a suspicious package addressed to "Elmer G. Auto Shop," that arrived at a post office (he does not say which one) on May 5, 2013.  After investigators obtained a search warrant, they opened the package and found it contained more than 1500 grams of marijuana.  They arranged for a controlled delivery of the package on May 14, 2013.  Wade Carroll arrived with Elmer to pick up the package in a pickup truck owed by Elmer.  At some point, the investigators stopped the truck.  Elmer consented to a search, saying that everything in the truck was his except for two packages, one of which was the package Carroll had picked up at the post office.

According to Haverly, Carroll agreed to the opening of the two packages whose

2

ownership was disclaimed by Elmer. The second one contained about 1,294 grams of marijuana. (Haverly does not explain the discrepancy between that quantity and the quantity found when the package was first opened by the investigators under the search warrant.) The investigators found a backpack in Elmer's truck that contained $15,830, along with notes.

A month after the United States Magistrate Judge granted the government's motion for a warrant in rem, Elmer filed a claim, saying that he wanted the $15,830 back because it was his life's savings and had been wrongfully taken. On the same day, he filed an answer, dkt. #8, together with an affidavit of Wade Carroll, dkt. #9, in which Carroll avers that Elmer had done nothing but pick up a package mailed to Carroll and that he had put a package in Elmer's truck without Elmer's knowledge.

At the preliminary pretrial conference held by the United States Magistrate Judge in early March 2014, dkt. #15, the parties were directed to file dispositive motions on October 17, 2014. No such motions were filed by Elmer or the government. However, the government sent interrogatories, requests for admission and requests for documents to Elmer on September 11, 2014. Dkt. #19-1. It followed up with a second mailing to Elmer on October 16, 2014, saying that it had not received the discovery listed in the September letter, dkt. #19-2, and it sent still another letter on November 6, 2014, dkt. #19-3, saying it had not received the discovery it was seeking, although it had received a letter from Elmer on November 4, 2014, along with a compact disc containing what appeared to be images taken by a surveillance camera. Neither the letter nor the disc was responsive to the

3

government's requests.

On November 14, 2014, the government moved to compel Elmer to respond to its discovery requests, documenting its efforts to elicit responses. Dkt. #19. A briefing schedule was set for the motion. Elmer's brief in opposition was to be filed by November 12, 2014, but no brief was filed. On December 10, 2014, the magistrate judge entered an order directing Elmer to provide the government all requested discovery no later than December 17, 2014 and warning him that his failure to comply with the order would result in sanctions that might include dismissal of his claim. Dkt. #22. Neither the order nor the threat resulted in the production of discovery. However, on December 16, 2014, Elmer filed the motion to dismiss that is now before the court, dkt. #23, along with 15 documents, including a table of contents, a table of authorities and various Wikipedia articles, but without any brief. He also filed a document titled "Unanswered Questions for Elizabeth Altman [Assistant United States Attorney]," dkt. #24, in which he asked questions such as why Carroll was not arrested when he first picked up the package and why the law enforcement officers took money from Elmer's satchel and not from his billfold. In addition, he filed a declaration of his own and one of Melissa Hillestad, dkts. #25 & 26. Although his declaration was signed under oath, it contains only arguments and assertions of wrongdoing by the sheriff's department, unsupported by any factual averments. (In her affidavit, Hillestad swears that on May 11, 2013, FedEx delivered a package to the Carroll family home at which she was doing painting and that she moved the package into the front seat of the moving van in the driveway, where it remained on Tuesday, May 14.) None of

4

this material was relevant to the government's discovery requests.

After Elmer did not respond to the government's requests, the government moved on December 18, 2014 to dismiss the case.  A briefing order issued on both orders; both the government and Elmer were to file supporting briefs on January 9, 2015 and reply briefs on January 20, 2015.  The government filed both of its briefs on time; Elmer did not file a supporting brief on January 9, 2015 as ordered but filed only a reply brief on January 20, 2015, dkt. #31, that focused on what Elmer alleged were lies in Detective Haverly's affidavit and by the postal inspector and others.

The government moved to strike the motion to dismiss and enter default judgment for the government, dkt. #28, noting that Elmer had filed a claim to the defendant property and an answer to the complaint but had not filed a timely response to the government's request for discovery, although he had been reminded by the government of his obligation on three occasions and ordered to do so by the magistrate judge in December.


OPINION

Elmer's motion to dismiss is based only on his assertions that the search of the packages and of his home were carried out unlawfully.  In a case such as this one, brought under 21 U.S.C. § 881(a)(6), the government bears the burden of proof to establish by a preponderance of the evidence that the property at issue is subject to forfeiture, that the property is alleged to have been used to facilitate a crime or involved in the commission

of the crime and that "there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(1) and (3).

At the pleading stage, however, the government need only "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supplemental Rule G(2)(f) of the Federal Rules of Civil Procedure. (Certain Admiralty and Maritime Claims).

The government's verified complaint in rem and its accompanying affidavit of Detective Haverly are sufficient to meet this standard. Whether Haverly's statements can be shown to be false, as Elmer contends, is an assessment to be made at a later stage.

As to the government's motion to strike Elmer's claim and answer and to grant it default judgment, Elmer's continued refusal to produce discovery would be reason to grant the motion at this time. Fed. R. Civ. P. 37(b)(2)(A)(v) (authorizing dismissal of action as sanction for failing to comply with discovery obligations). However, because Elmer is appearing pro se and because the magistrate judge's order did not say definitively that the case would be dismissed if Elmer did not respond appropriately to the government's requests for discovery, I will give Elmer one last chance to comply with those requests. He should understand that he is to produce all evidence that he intends to use at trial to prove that the $15,830 seized from him was not intended to be used to pay for the marijuana seized by the authorities on May 14, 2013 or otherwise intended to facilitate the transaction. For example, if he intends to prove that one of the car collectors for whom he worked paid him $13,000 in cash on May 12, 2013, as he asserts, he should explain

how he intends to prove that this happened.  Will he be submitting the affidavit of this person to affirm that it occurred, does he have billing statements or copies of receipts of the funds or does he have some other way of proving that it happened?  In other words, this is his time to "put up or shut up."

ORDER

IT IS ORDERED that claimant Gary Elmer's motion to dismiss, dkt. #23, is DENIED; the government's motion to strike Elmer's claim and enter judgment in its favor, dkt. #27, is DENIED at this time; Elmer may have until March 16, 2015, in which to respond to the government's requests for discovery.  If he fails to respond fully to the requests, this case will be dismissed and judgment entered for the government.

Entered this 2d day of March, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

7